United States District Court
Northern District of California

1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10   MEDCISION, LLC,                          Case No.  24-cv-01146-RS

                    Plaintiff,
11
           v.                                 ORDER AND OPINION AFFIRMING
12                                            DISMISSAL
     EHRHARDT,
13
                    Defendant.
14

15                              I. INTRODUCTION

16        This appeal arises from two related adversarial proceedings brought by Plaintiff and

17   Appellant Medcision, LLC against Defendants Rolf Ehrhardt and Ron DiNocco. The Bankruptcy

18   Court dismissed the adversarial proceedings for both lack of prosecution and for failure to comply

19   with a court order. MedCision avers the Bankruptcy Court abused its discretion by doing so.

20   Specifically, MedCision contends the Bankruptcy Court failed adequately to warn of the

21   possibility of terminating sanctions, to consider less drastic sanctions, and to consider

22   MedCision's reasonable explanations for delay.[1]

23        These proceedings began in 2019, and MedCision had well over a year to participate in the

24   discovery process and prepare for trial. It did not do so. Based on that failure, and the failure to

25

26   _____

27   [1] MedCision requests judicial notice of the statement it filed in the underlying bankruptcy
     proceeding and the bankruptcy court's order setting a hearing in the bankruptcy proceeding for the
     same date and time as the adversary proceedings. Dkt. No. 18. This request for judicial notice is
28   granted.

comply with a pretrial order, the Bankruptcy Court did not abuse its discretion in dismissing this action.[2] Therefore, the dismissal order is affirmed.

## II. BACKGROUND

### A. Procedural Background

In December 2019, MedCision filed its first adversary proceedings against Defendants, its former officers, and against its outside directors for breach of their fiduciary duties. MedCision alleged, among other things, that the board of directors approved improper bonus payments, severance, and compensation to Defendants, all under Defendants' direction. In MedCision's other adversary proceeding, a related action against Ehrhardt, Plaintiff brought claims for avoidance and preference of transfers, avoidance and preference of post-petition transfers, and an open book account.

In August 2020, the Bankruptcy Court dismissed the first adversarial proceeding as to the outside directors and entered final judgment as to those defendants. As to the remaining defendants, the Court denied in part and granted in part their motion to dismiss.

MedCision appealed the August 2020 judgment in favor of its outside directors. The adversary proceedings were stayed for nearly two years while the appeal was pending. In August 2021, this Court affirmed the Bankruptcy's Court's dismissal of the outside directors. MedCision appealed to the Ninth Circuit, but eventually voluntarily dismissed that appeal.

With the appeal proceedings concluded by June 2022, the Bankruptcy Court set several scheduling conferences and a discovery plan to continue proceedings. In December 2022, the Court issued a scheduling order which set discovery and pre-trial deadlines, leaving the date of trial to be determined. The Court stated parties could stipulate to extend the deadline to conduct nonexpert discovery, while other deadlines could be extended only by court order. In June 2023,

---

[2] It is unnecessary to rule on Plaintiff's other alleged shortcomings, raised by Defendants on appeal, including omission of a jurisdictional statement in its opening brief and failure properly to serve copies of its filings on DiNocco, who is litigating pro per. These allegations affirm Plaintiff's general negligence in prosecuting this matter, but are not relevant to the bankruptcy court's reasoning in dismissing the adversary proceedings.

the Bankruptcy Court rejected in part parties' request to extend some of the discovery deadlines. With the expert discovery deadline set for August 31, 2023, and the deadline for any motions to compel on September 24, 2023, the Court eventually set the pre-trial conference for December 14, 2023.

In the September 29, 2023 order setting the pretrial conference, the Court directed the parties to file statements by December 7, 2023 addressing trial-related issues, including when parties would be ready for trial. Neither MedCision nor Defendants filed statements by that December 7, 2023 deadline. On December 7, MedCision filed a status conference statement in the underlying bankruptcy case in advance of a status hearing, also on December 14, related to the bankruptcy proceedings.

### B. Dismissal Orders

On December 8, 2023, the Bankruptcy Court issued essentially the same Order to Show Cause in both adversary proceedings after all parties failed to comply with the Order directing them to file statements regarding trial readiness. The Order specifically warned of monetary sanctions for failure to file the statements. Relying on Federal Rule of Civil Procedure 16(f)(1)(C) and Federal Rule of Bankruptcy Procedure 7016(a), which permits courts to "issue any just orders" if parties fail to "obey a scheduling or other pretrial order," the court noted that it "has broad discretion in crafting remedies for a party's failure to comply with a scheduling order." Dkt. No. 16-1, at 155, 159. "Such remedies may include, but are not limited to, dismissal of the action or proceeding in whole or in part." *Id.* The Bankruptcy Court noted, in addition to the parties' failure to comply with the order, "the parties have not been diligent in prosecuting and defending this action." Dkt. No. 16-1, at 155, 159.

MedCision responded to the Orders to Show Cause, explaining its counsel in the adversary proceedings had worked with counsel in the underlying bankruptcy proceeding to prepare a joint status conference statement. MedCision's counsel in the adversary proceedings believed the joint statement, signed and filed on their behalf in the underlying bankruptcy proceeding, would fulfill their obligation to comply with the bankruptcy court's pre-trial order in the adversary proceeding.

As to trial readiness, MedCision's response explained the parties had engaged in settlement discussions in the first half of 2023, but later had difficulties scheduling Defendants' depositions. After an initial refusal to appear for depositions, Defendant Ehrhardt's counsel had stated Ehrhardt was available to be deposed in January 2024, despite the close of discovery. Defendant DiNocco had agreed to sit for a deposition before the discovery deadline passed, but MedCision had not taken any action as to DiNocco before the discovery deadlines closed. In November 2023, when MedCision did reach out to Defendants to attempt to schedule depositions, Defendant DiNocco took the position discovery was closed and declined to stipulate to continue trial or discovery deadlines. Based on these discussions, MedCision stated it was unsure when adversary proceedings would be ready for trial.

In Defendants' response, Ehrhardt's counsel confirmed the parties would need a continuance to file a summary judgment motion or to complete discovery. Ehrhardt acknowledged MedCision had responded to requests for admissions but had not served documents in response to requests for production and had not substantively responded to requests for special interrogatories.

At the show-case hearing on December 14, 2023, the Bankruptcy Court indicated skepticism over Plaintiff's explanations for delay. "I would dismiss these adversary proceedings with prejudice for lack of prosecution, because it's absurd. Reserving jurisdiction to enforce my sanctions orders, but it's absurd that nothing has happened in these cases." Dkt. No. 16-3, at 146-47.

After the hearing, the Bankruptcy Court issued an order imposing monetary sanctions against Defendants — $100 against DiNocco, $500 against Ehrhardt, and $500 against Ehrhardt's counsel. The court also issued terminating sanctions against Plaintiff for both failure to prosecute and failure to comply with the order, and then dismissed the case. The Court stated: "The ultimate burden of prosecuting this lawsuit lies with the Plaintiff: MedCision LLC. It has entirely failed to carry that burden…Dismissal is the only appropriate remedy." Dkt. No. 16-2, at 126-27.

MedCision filed motions for reconsideration under Federal Rules of Civil Procedure 59 and 60. In February 2024, the Bankruptcy Court denied these motions. MedCision then appealed

the Bankruptcy Court's dismissal and reconsideration orders.

### III. LEGAL STANDARD

A bankruptcy court's orders dismissing the adversary proceedings are final appealable orders. *De Tie v. Orange County*, 152 F.3d 1109, 1111 (9th Cir. 1998) ("The dismissal of an action . . . is a final order."). A bankruptcy court's orders imposing terminating sanctions are reviewed for abuse of discretion. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989 (9th Cir. 1999) (dismissal for failure to comply with a court order); *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996) (dismissal under Federal Rule of Civil Procedure 41(b)); *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (dismissal under the court's inherent powers).

### IV. DISCUSSION

The Bankruptcy Court dismissed the case based on both MedCision's failure to comply with its scheduling order and its overall failure to prosecute the matter. MedCision insists the dismissal was an abuse of discretion because (1) the Court provided no warning of terminating sanctions or any sanctions for lack of prosecution; (2) the Court failed to consider less drastic sanctions; (3) MedCision explained the delay and Defendants failed to show actual prejudice; and (4) public policy favors disposition on the merits.

The Ninth Circuit has set forth five factors for a court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). Cases involving *sua sponte* dismissal merit special focus on considerations relating to the fifth *Henderson* factor. *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992).

The Bankruptcy Court was not required to make explicit findings to show it considered these five factors. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). When explicit findings are absent, the reviewing court can examine the record independently to

determine whether the district court abused its discretion. *Hernandez*, 138 F.3d at 399 (relying on *Henderson,* 779 F.2d at 1424). Affirmance of dismissal is proper where "at least four factors support dismissal… or where at least three factors strongly support dismissal." *Id.* (relying on *Malone v. United States Postal Serv.,* 833 F.2d 128, 133 & n. 2 (9th Cir.1987) and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir.1992)) (quotations omitted). A "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" is required to disturb a bankruptcy court's dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 989-90 (9th Cir. 1999) (quoting *Malone*, 833 F.2d at 130).

Based on the record, three of the five *Henderson* factors weigh in favor of dismissal. Therefore, the Bankruptcy Court did not abuse its discretion in dismissing the adversary proceedings and the dismissal is affirmed.

### A.  Failure to Prosecute

As a threshold matter, MedCision challenges the Bankruptcy Court's invocation of failure to prosecute. MedCision argues failure to prosecute is not a proper ground for dismissal because the Bankruptcy Court never broadcasted its concern to the parties. However, this argument is contradicted by the record. The Bankruptcy Court, in an order as early as June 2023, set out its requirements for trial readiness and rejected proposed extensions to discovery because "this proceeding was filed in 2019 and is now languishing." Dkt. No. 16-1, at 147. In its Order to Show Cause, the Bankruptcy Court explicitly noted "the parties have not been diligent in prosecuting and defending this action." Dkt. No. 16-1, at 155, 159. "The failure of the parties and their counsel to comply with their discovery obligations, to diligently prosecute and defend this action, and to comply with the Sept. 29 Order leave the court with no choice other than to issue this order." *Id.* at 156, 160.

Moreover, MedCision argued explicitly *against* sanctions for failure to prosecute, indicating it was on notice. In its response to the Order to Show Cause, MedCision made several arguments denying any neglect and attempting to prove their diligence in prosecuting the matter.

ORDER AFFIRMING DISMISSAL
CASE NO. 24-cv-01146-RS

United States District Court
Northern District of California

The record and Plaintiff's own behavior shows the Bankruptcy Court provided ample warning of its concern over a failure to prosecute.

MedCision attacks the grounds for dismissal individually. However, given MedCision's failure to comply with a scheduling order was merely one part of its overall failure to prosecute, the Bankruptcy Court could properly consider both in ordering terminating sanctions. *See Yourish*, 191 F.3d at 989. Therefore, with both failures in mind, the analysis turns to the five *Henderson* factors.

**B.  Public's interest**

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. The presiding judge is best situated to decide when delay in a particular case interferes with the public interest. *Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir. 1984). Therefore, this factor weighs in favor of dismissal, particularly where the bankruptcy court made comments about the relative merits of the case and the "absurd[ity]" of delay. Dkt. No. 16-3, at 146-47.

**C.  Court's Need to Manage Its Docket**

Again, the presiding judge's allocations of judicial time, energy, and resources are entitled to deference. *Ash,* 739 F.2d at 496. MedCision argues it was entitled to another opportunity to brief or argue against terminating sanctions. However, the Bankruptcy Court gave MedCision the opportunity to submit briefing after its Order to Show Cause. The Court also held a hearing where it heard from all parties. Finally, the Court held a hearing on the motion to reconsider its dismissal. In *Yourish*, the Ninth Circuit determined the deciding court was not required to devote further time and resources to a matter after adequately conveying scheduling requirements to the plaintiff. 191 F.3d at 990. Much like in that case, the Bankruptcy Court here had devoted resources over four years to these proceedings and then provided ample opportunity to be heard on the matter of sanctions. Given all parties' failure to drive the matter forward and the resources devoted to sanctioning parties, the Bankruptcy Court's need to manage its docket weighs in favor of dismissal.

ORDER AFFIRMING DISMISSAL
CASE NO. 24-cv-01146-RS

7

United States District Court
Northern District of California

1

**D.  Availability of Less Drastic Sanctions**

2      Courts in the Ninth Circuit apply this factor "by looking to whether the [deciding] court

3   discussed or tried alternatives or warned the plaintiffs of the chance of dismissal." *Hernandez*, 138

4   F.3d at 401 (relying on *Ferdik*, 963 F.2d at 1262). The Bankruptcy Court did not explicitly

5   consider or try any less drastic alternatives to dismissal. In such a case, the question then becomes

6   "whether the [deciding] court properly warned the plaintiff[] of the chance of dismissal." *Id.*

7   Because the Bankruptcy Court adequately warned MedCision of the possibility of terminating

8   sanctions, this factor favors dismissal.

9      The Bankruptcy Court, as MedCision tells it, threatened only monetary sanctions, and

10  therefore MedCision reasonably assumed terminating sanctions were not on the table. Again, this

11  is contradicted directly by the Bankruptcy Court's Order to Show Cause, which explicitly invoked

12  dismissal as a potential sanction. ("Such remedies may include, but are not limited to, dismissal of

13  the action or proceeding in whole or in part." Dkt. No. 16-1, at 155, 159). MedCision is under the

14  impression the summary of the Order to Show Cause should have explicitly mentioned the risk of

15  terminating sanctions. However, there is no requirement a court broadcast its intentions in the final

16  points of its order, particularly if the three-page order mentions dismissal mere paragraphs before.

17  Because the Bankruptcy Court adequately warned the Plaintiff of the possibility of terminating

18  sanctions, this factor weighs firmly in favor of dismissal.[3]

**E.  Risk of Prejudice to Defendants**

19

20     Only "unreasonable" delay will support a dismissal for lack of prosecution. *Nealey v.*

21  *Transportation Maritima Mexicana, S.A.,* 662 F.2d 1275, 1280 (9th Cir.1980). "Unreasonable

22  delay creates a presumption of injury to appellees' defenses." *Alexander v. Pacific Maritime

23  Association,* 434 F.2d 281, 283 (9th Cir.1970). If a plaintiff presents an excuse for the delay "that

24  _____

25  [3] Notably, the discovery deadlines closed in September 2023. While MedCision argues the Court
    should have imposed monetary sanctions, which would have allowed MedCision and Ehrhardt to
26  then stipulate to an extension of discovery deadlines, there is no evidence MedCision would have
    done so in a timely manner, given its previous noncompliance with deadlines. Therefore, the
27  Bankruptcy Court could have reasonably assumed lesser sanctions would be inadequate and would
    serve only to extend the matter unnecessarily past the four-year mark.

28

is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice." *Nealey,* 662 F.2d at 1280 (9th Cir.1980); *see also Ash*, 739 F.2d at 496.

MedCision makes conclusory statements about the non-frivolousness of its delay. However, the Bankruptcy Court rejected those explanations in dismissing the case, and then again in rejecting MedCision's motion for reconsideration. In its Order Denying Plaintiff's Motion for Reconsideration, the Bankruptcy Court said, "MedCision does not refute Mr. Ehrhardt's and Mr. DiNocco's contentions that MedCision's responses to interrogatories or requests for production were inadequate or that MedCision has not served an expert witness. All parties acknowledge that the deadlines set forth in the Scheduling Order have long expired and that discovery is far from complete. The fact that MedCision belatedly – in November 2023 – expressed interest in scheduling and conducting depositions does nothing to convince the court it was diligently prosecuting this case." Dkt. No. 16-3, at 71.

The Bankruptcy Court was not required to make explicit findings as to actual prejudice to defendants. However, "whether actual prejudice exists may be an important factor in deciding whether a given delay is 'unreasonable.'" *Ash*, 739 F.2d at 496 (citing *Citizens Utilities Company v. American Telephone & Telegraph Company*, 595 F.2d 1171, 1174 (9th Cir.), *cert. denied*, 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979)). Given the relationship between actual prejudice and reasonableness, this factor weighs only slightly in favor of dismissal. *But see Yourish*, 191 F.3d at 991–92 (finding Plaintiff's excuse for delay was "paltry" and therefore there was such "sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal").

**F. Public Policy Favoring Resolution on the Merits**

"[T]he public policy favoring disposition on the merits weighs against dismissal." *Oliva*, 958 F.2d at 274. However, this is the only factor clearly weighing against dismissal in this matter. Because three factors weigh firmly in favor, the Bankruptcy Court did not abuse its discretion. *See Yourish*, 191 F.3d at 992.

MedCision cites to several cases where the Ninth Circuit found an abuse of discretion in imposing terminating sanctions. However, these cases are inapposite. Unlike in *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, where the district judge "at no time offered any explanation

for his decision," the Bankruptcy Court in this case clearly offered two complementary explanations for its dismissal. *See* 898 F.2d 1428, 1430 (9th Cir. 1990). And the facts are unlike in *Johnson v. U.S. Dept. of Treasury*, the Plaintiff here is represented by counsel and was clearly on notice of the risk of dismissal. *See* 939 F.2d 820, 825–26 (9th Cir. 1991). Finally, MedCision does not present the same level of public interest in resolution on the merits as in cases like *Hernandez*, where the plaintiff brought civil rights claims. *See* 138 F.3d 393, 401 (9th Cir. 1998).

Given the record and Plaintiff's repeated delays over four years of litigation, there is no support for a definite and firm conviction" that the district court "committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Ferdik,* 963 F.2d at 1260; *see also Yourish*, 191 F.3d at 992.

### V. CONCLUSION

From the record below, it is clear the Bankruptcy Court did not abuse its discretion in dismissing the case for failure to prosecute and failure to comply with a scheduling order. The dismissal order is therefore affirmed.

**IT IS SO ORDERED**.

Dated: January 6, 2025

_____
RICHARD SEEBORG
Chief United States District Judge